## UTAH CONST. CO. v. SALMON RIVER CANAL CO., Limited.

### No. 8011.

Circuit Court of Appeals, Ninth Circuit.

Nov. 16, 1936.

For prior opinion, see 85 F.(2d) 769.

Edwin Snow, of Boise, Idaho, and A. E. Bowen, of Salt Lake City, Utah, for appellant.

Frank L. Stephan and J. H. Blandford, both of Twin Falls, Idaho, and Richards & Haga, of Boise, Idaho, for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Appellee's petition for rehearing shows a misapprehension of the meaning and purport of our decision. The main difficulty with the so-called rules is that they are not interpretive of the decree, but cover a field not covered by the decree. As pointed out in the opinion: "The decree is conclusive on the parties and the rights thereby established are not subject to further inquiry."

In its petition for rehearing appellee states the issue that is before the court as follows: "The distinguished jurist who rendered the decree had but two issues before him, viz., the amount of water which the respective parties were entitled to take out of the water flowing in Salmon River and its tributaries, and the priority of their respective rights. There was no issue as to the number of channels in which the water flowed, or would be permitted to flow, or as to the channels out of which the water should be taken."

One of the main difficulties with the order appealed from was that it undertakes to determine matters which were thus not at issue in the case.

The appellee asserts in its petition for rehearing that "on no theory can this court say that the trial court intended that the decree should cover water flowing in only one channel and that there should be no restriction on appellant's use of the water flowing in other channels."

Of course, the water rights determined by the decree cover all the channels of the stream and the taking of water from any one of these channels by the appellant would be charged against his water right fixed by the decree. This did not justify the court in an order to enforce the decree to specify the exact manner in which ditches and dams should be constructed. The decree of course required that the matter of water diverted should be limited by the water right as determined in the decree. The method of diversion was fixed by the decree itself.

The appellee contends that the order of reversal does not sufficiently inform the trial judge as to his future course of procedure. The only question to be determined by rules interpretive of the decree is as to the measurement of the water apportioned to the appellant by the decree. It is claimed that the appellant is securing more water than it is entitled to and if it has done so by some particular method of diversion the court has full power to control the method of diversion as an incident to the decree fixing the character of its water rights. As pointed out in the opinion, an artificially caused overflow would be a diversion within the meaning of the decree. As pointed out, the decree fixed the amount of water which could be diverted by the appellant from the stream. Surface or flood water which covers appellant's land either while flowing to the river or flowing from it across appellant's land if flowing there naturally is in no sense a diversion of the waters of the stream, and therefore not a portion of the waters awarded to the appellant by the decree. As the appellant points out in his brief, these questions were not the issues submitted for trial in the original action and therefore inappropriate in a supplementary order having for its purpose the enforcement of the decree.

Petition for rehearing denied.